UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID A. ROURKE :
:
v. : C.A. No. 09-293S
:
STATE OF RHODE ISLAND, :
et. al. :

**REPORT AND RECOMMENDATION
FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On June 21, 2009, Plaintiff David Rourke filed suit against the State of Rhode Island, Attorney General Patrick Lynch and Corrections Director A.T. Wall regarding the "issue" of "a new facility for mentally ill people so that R.I. Judges do not have to send them into prisons were [sic] a lot of them 'kill themselfs' [sic] or try to." (Document No. 1). Plaintiff's Appeal was accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00 civil case filing fee. (Document No. 2). After reviewing Plaintiff's Application to Proceed IFP, this Court concludes that he is unable to pay fees and costs in this matter and thus, his Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

Plaintiff's Complaint takes issue with the treatment of "mentally ill people" in Rhode Island's criminal justice and correctional system. He advocates for a new correctional facility for "mentally ill people" and that, in the interim, such people be placed where they can get psychiatric care instead of in prisons. Finally, he asks that their sentences be reviewed to see if mental illness could have been used as a defense and that they be given appointed counsel. As "proof," Plaintiff submits a letter regarding his experience as a prison inmate in 1981 which he describes as "cruel and terrible." Finally, as an exhibit, Plaintiff submitted an article entitled "Death of mentally ill inmate raises questions of prison care'" which appeared in the June 21, 2009 edition of The Providence Sunday Journal.

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that the Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true, and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to the facts alleged in Plaintiff's Complaint, the Court lacks subject matter jurisdiction over the claims set forth by the Plaintiff.

Plaintiff does not appear to be making any direct claims in this action regarding his conditions of incarceration while in state prison years ago. Even if he was, any such claims would plainly be untimely pursuant to the statute of limitations applicable to claims regarding conditions of confinement under 42 U.S.C. § 1983. Plaintiff's letter of "proof" references that he was an inmate in 1981, and the Court is aware from other cases filed by Plaintiff that he pled nolo to an amended charge of second degree murder in 1978 and was ultimately sentenced to a prison term of fifteen years to serve. Thus, Plaintiff's prison term ended at least fifteen years ago and likely sooner

by parole. In Rhode Island, the applicable statute of limitations for such claims under 42 U.S.C. § 1983 is three years, Bibby v. Petrucci, C.A. No. 07-4635, 2009 WL 2208113 at *4 (D.R.I. July 22, 2009), and thus the ability to challenge his own conditions of confinement expired long ago.

In any event, Plaintiff appears to be seeking relief not for himself but instead for current and future "mentally ill" inmates. He does not, however, identify the legal basis for this Court's jurisdiction[1] over such a claim as required by Rule 8(a), Fed. R. Civ. P. Even assuming that there is a legal basis for federal subject matter jurisdiction under 28 U.S.C. § 1331, the primary issue is whether Plaintiff has standing to bring a claim on behalf of current and future "mentally ill" state prisoners. Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases" or "controversies." "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." Lance v. Coffman, 549 U.S. 437, 439 (2007). The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-574 (1992). Although Plaintiff's prior prison time gives him a shared experience with current or future inmates, he has not alleged that he has suffered any personalized injury-in-fact caused by the State's current policies and practices regarding mentally ill prisoners sufficient to provide him with standing to pursue this case. Although his concerns are well intentioned, Plaintiff's claim is basically a generalized citizen grievance seeking improvements in an aspect of governmental operations – in

---

[1] Since Plaintiff is a Rhode Island resident and purports to sue the State of Rhode Island and certain of its public officials, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.

particular, the treatment of mentally ill individuals in the State's criminal justice and prison systems. Such concerns are more appropriately addressed to state elected and appointed government officials and not through a federal court suit. In the absence of standing, this Court lacks subject matter jurisdiction under Article III to adjudicate Plaintiff's claims. Thus, I recommend that Plaintiff's Complaint be Dismissed under 28 U.S.C. § 1915(e)(2).

**Conclusion**

Having reviewed the Complaint and relevant case law, this Court recommends, for the reasons discussed above, that Plaintiff's Complaint (Document No. 1) be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 4, 2009